*In re* A.P., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. A.P., Respondent-Appellant).

Second District   No. 2—95—0148

Opinion filed January 10, 1997.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DOYLE delivered the opinion of the court:

Respondent, A.P., a minor, appeals from an order adjudicating him guilty of aggravated battery with a firearm (720 ILCS 5/12—4.2(a) (West 1992)). Respondent has been in detention since his arrest on June 6, 1994, when he was 15 years old.

Respondent was tried as an adult on two counts of first degree murder (720 ILCS 5/9—1(a)(1), (a)(2) (West 1992)) and one count of aggravated battery with a firearm. The State dismissed two other charges against respondent after resting its case. On September 23, 1994, a jury returned verdicts acquitting defendant of the murder charges, but finding him guilty of the aggravated battery with a firearm charge. On the same day, the trial court entered judgment on the verdicts.

On October 17, 1994, respondent motioned for a new trial and to transfer his case to juvenile court for further proceedings, including a dispositional hearing. At that time, the State had not filed a motion to sentence respondent as an adult. On November 4, 1994, after a hearing on these matters, the trial court denied respondent's motion for a new trial, but granted respondent's motion to transfer his case to juvenile court. On November 18, 1994, the State filed an interlocutory appeal from the order transferring respondent's case to juvenile court.

On December 2, 1994, the State motioned in juvenile court to stay a ruling and disposition on respondent's case pending the outcome of the State's appeal. Respondent's attorney agreed that the proceedings should be stayed. The juvenile court granted a stay of the proceedings.

On the same date, respondent filed a notice of appeal from the denial of his post-trial motion. The State subsequently motioned to

dismiss the appeal (No. 2—94—1403). On January 26, 1995, this court dismissed respondent's appeal No. 2—94—1403.

On January 20, 1995, while the State's appeal remained pending, respondent filed a notice of appeal. Respondent appealed pursuant to Supreme Court Rule 662 (134 Ill. 2d R. 662) from his adjudication of guilt. On February 1, 1995, the State Appellate Defender filed an amended notice of appeal on respondent's behalf. The amended notice of appeal also appealed, pursuant to Supreme Court Rule 662, from the adjudication. These notices of appeal gave rise to the appeal now before us.

On July 19, 1995, this court issued a summary order on the State's appeal. In the summary order, we affirmed the trial court order transferring respondent's case to the juvenile court for disposition.

In the present appeal, the State first contends that this court does not have jurisdiction to hear the appeal. The parties disagree as to whether the State has waived the jurisdiction issue. We will consider the issue because a reviewing court has a duty to consider its jurisdiction to hear an appeal even if the parties have not raised the issue. *People v. Sawyer*, 258 Ill. App. 3d 174, 177 (1994). Respondent raises no issue in this appeal as to the propriety of the stay and does not seek to resume the proceedings in juvenile court.

■ Instead, respondent filed his notices of appeal pursuant to Supreme Court Rule 662. Rule 662 provides, in relevant part, as follows:

"An appeal may be taken to the Appellate Court from an adjudication of wardship in the event that an order of disposition has not been entered within 90 days of the adjudication of wardship.
***
*** The notice of appeal in appeals under this rule shall be filed within 30 days after the expiration of the 90 days specified in this rule and not thereafter." 134 Ill. 2d R. 662.

■ The State contends that this court does not have jurisdiction under Rule 662 because there has been no adjudication of wardship as required by the rule. The State also contends that, even if there had been an adjudication of wardship, the stay entered in the juvenile court would have acted to toll the 90-day period specified in Rule 662.

Respondent does not dispute the State's contention that there has not been an adjudication of wardship in this case. Rather, respondent takes the position that, in order to give Rule 662 any real meaning, Rule 662 must be read as if it said "adjudication of delinquency" where it says "adjudication of wardship."

In support of this position, respondent maintains that when Rule 662 took effect in 1975 the adjudication of delinquency and the adjudication of wardship occurred at one stage of the proceedings, followed by a separate dispositional hearing. Respondent asserts that the legislature later amended the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1—1 *et seq.* (West 1994)) to provide that the adjudication of wardship occurred at the dispositional stage. Respondent reasons that the reference in Rule 662 to an adjudication of wardship therefore must now be taken to refer to an adjudication of delinquency or else Rule 662 is meaningless. Respondent bases his reasoning on an implication that there is no delay between an adjudication of wardship and an order of disposition since they should occur at the same hearing, the dispositional hearing.

We note that section 5—22 of the Act provides, in pertinent part:

> "At the dispositional hearing, the court shall determine whether it is in the best interests of the minor and the public that he be made a ward of the court, and, if he is to be made a ward of the court, the court shall determine the proper disposition best serving the interests of the minor and the public." 705 ILCS 405/5—22(1) (West 1994).

Applying his construction of Rule 662 to this case, respondent next contends that the jury's verdict constituted an adjudication of delinquency under section 5—4(6)(c)(ii) of the Act (705 ILCS 405/5—4(6)(c)(ii) (West 1994)). That statute provides that, unless the State requests a timely hearing to determine if a minor should be sentenced as an adult (which the State did not do in this case), the court should proceed to a dispositional hearing when: a minor is tried as an adult, but the minor is not convicted of the offense mandating his trial as an adult; and the minor is only convicted of a lesser offense. In respondent's view, that is just what occurred in this case, and the trial court verdict was equivalent to an adjudication of delinquency which began the 90-day period provided by Rule 662.

We agree with parts of respondent's analysis. For example, we agree that the jury verdict finding respondent guilty of aggravated battery with a firearm was tantamount to a finding of delinquency. See *In re J.N.*, 91 Ill. 2d 122, 128 (1982) (a finding of guilt in open court should be treated as a finding of delinquency). We also agree that, under the current version of the Act, an adjudication of wardship and a determination and order of disposition should occur at a dispositional hearing.

However, we do not agree with respondent's conclusion that Rule 662 must be read to insert "adjudication of delinquency" in place of "adjudication of wardship." We also do not agree with the implica-

tion in respondent's argument that under the Act there can no longer be a lapse between an adjudication of wardship and an order of disposition. Our reading of section 5—22 of the Act (705 ILCS 405/5—22 (West 1994)) shows that there may be a substantial lapse between an adjudication of wardship and an order of disposition. Subsection 5—22(3) allows an adjournment of a dispositional hearing, which could occur after an adjudication of wardship but before an order of disposition "for a reasonable period to receive reports or other evidence." 705 ILCS 405/5—22(3) (West 1994).

Because there may be a substantial lapse between an adjudication of wardship and an order of disposition, we believe that Rule 662 refers to exactly what its plain language says it refers to, *i.e.*, a period of 90 days between the adjudication of wardship and the order of disposition. If, as respondent suggests, such a period were not possible, we believe that our supreme court would have amended Rule 662 to account for the realities of the situation. We decline to read Rule 662 as respondent urges us to read it.

Under the plain language of Rule 662, the 90-day period begins to run when there has been an adjudication of wardship. It follows that if there has been no adjudication of wardship, the 90-day period does not begin to run.

Respondent does not contend that there has been an adjudication of wardship in this case. Thus, the 90-day period of Rule 662 did not begin to run. Because the 90-day period did not begin to run, and therefore could not have run out, respondent's appeal pursuant to Rule 662 was premature. Accordingly, we are without jurisdiction to hear respondent's appeal.

There is another reason why we are without jurisdiction in this case. Even if the 90-day period of Rule 662 had started to run when respondent was found guilty, the period would have been tolled by the State's appeal and/or the stay of the proceedings in juvenile court.

Generally, the filing of a notice of appeal divests the trial court of jurisdiction to take action on matters of substance within the scope of the subject of the notice of appeal. *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 433 (1979). In addition, while an appeal is pending, a trial court may stay the proceedings. 134 Ill. 2d Rs. 305, 609; *In re A.J.*, 269 Ill. App. 3d 824, 830 (1994). A stay pending appeal is intended to preserve the status quo and to preserve the fruits of a meritorious appeal where they might otherwise be lost. *Stacke v. Bates*, 138 Ill. 2d 295, 302 (1990).

Under these principles, the trial court was without authority to proceed to an adjudication of wardship and order of disposition while

the State's appeal was pending and while the stay was in effect. The subject of the State's appeal was whether the trial court erred when it ruled that respondent could not be sentenced as an adult and therefore that the juvenile court should conduct a dispositional hearing in respondent's case. Because the subject of the State's appeal was a determination of the proper forum for the disposition of respondent's case, the juvenile court was without jurisdiction to proceed to a disposition of respondent's case while the State's appeal was pending.

Similarly, the stay prevented the juvenile court from proceeding to a disposition. A disposition by the juvenile court while the stay was in effect would have changed the status quo and thereby defeated the purpose of the stay.

In respondent's view, the reason the juvenile court could not proceed to an order of disposition is irrelevant for Rule 662 purposes. Respondent argues that under Rule 662 all that matters is that an order of disposition was not entered within the 90-day period. We disagree.

The committee comments following Rule 662 state that the purpose of the 90-day period is "to account for normal delay caused by administrative problems." 134 Ill. 2d R. 662, Committee Comments, at 424. We believe that the phrase "administrative problems" in the committee comments refers to situations such as those where the juvenile court has jurisdiction to enter an order of disposition but does not do so because the court is waiting for information from an administrative agency. We do not read the phrase to refer to a delay due to an interlocutory appeal. When the delay is due to an appeal, the 90-day period must be tolled. This is particularly true where the appeal in question could preclude the juvenile court from proceeding to a disposition of the case.

In this case, the delay in entering an order of disposition was not caused by administrative problems. Rather, the delay was necessitated by the State's appeal, which would determine whether an order of disposition was appropriate. Under these circumstances, even if the 90-day period provided by Rule 662 had started to run, the State's appeal and the related stay would have acted to toll the 90-day period. Because an appeal under Rule 662 is not authorized unless the 90-day period has run, we do not have jurisdiction to consider respondent's appeal.

Based on the foregoing, the appeal is dismissed, and the cause is remanded for the purpose of conducting a dispositional hearing.

Dismissed and remanded.

McLAREN and HUTCHINSON, JJ., concur.