THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HELDER C. VASQUEZ, Defendant-Appellant.

Second District No. 2—98—0680

Opinion filed September 29, 1999.

RAPP, J., dissenting in part.

G. Joseph Weller and Linda A. Johnson, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and William R. Brandstrader, of Prospect Heights, for the People.

JUSTICE HUTCHINSON delivered the opinion of the court:

Defendant, Helder C. Vasquez, appeals the order dismissing his petition for postconviction relief pursuant to section 122—2.1(a)(2) of the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—2.1(a)(2) (West 1998)). Defendant contends that his petition was improperly dismissed and should have been considered pursuant to sections 122—4 through 122—6 of the Act (725 ILCS 5/122—4 through 122—6 (West 1998)) because the trial court failed to dismiss his petition within 90 days of filing. Defendant also contends that, if this cause is remanded to the trial court, Judge Bridges should be disqualified from further participation. We reverse and remand.

On July 28, 1993, a jury found defendant guilty of first degree murder (720 ILCS 5/9—1(a)(2) (West 1992)). On December 6, 1993, the trial court denied defendant's postconviction motions, entered judgment on the jury's verdict, and sentenced defendant to 28 years' incarceration. On direct appeal, this court affirmed defendant's conviction and sentence. *People v. Vasquez*, 274 Ill. App. 3d 1119 (1995) (unpublished order under Supreme Court Rule 23).

On June 21, 1996, defendant filed a *pro se* postconviction petition pursuant to the Act. On June 28, 1996, the trial court dismissed the petition as untimely. The trial court did not address the merits of

defendant's petition and made no finding regarding the "frivolous or patently without merit" standard of section 122—2.1(a)(2) of the Act (725 ILCS 5/122—2.1(a)(2) (West 1998)). Defendant appealed the trial court's ruling.

This court found that because the Illinois Supreme Court had granted defendant leave to file an untimely petition for leave to appeal, his postconviction petition was timely if filed within three years of his conviction. *People v. Vasquez*, 2—96—0941 (1998) (unpublished order under Supreme Court Rule 23). Consequently, this court reversed the trial court's dismissal and remanded the cause for further proceedings. *People v. Vasquez*, 2—96—0941 (1998) (unpublished order under Supreme Court Rule 23). On May 8, 1998, the trial court dismissed defendant's petition as frivolous and patently without merit. See 725 ILCS 5/122—2.1(a)(2) (West 1998). Defendant timely appeals.

In this appeal, defendant contends that the trial court improperly dismissed his petition under section 122—2.1(a)(2) because a trial court may only summarily dismiss a petition under that section within 90 days of filing. Defendant argues that his petition should have been considered pursuant to sections 122—4 through 122—6 of the Act. We agree.

■ Section 122—2.1 of the Act provides in relevant part:

"(a) Within 90 days after the filing and docketing of each petition the court shall examine such petition and enter an order thereon pursuant to this Section.

\*\*\*

(2) If the petitioner is sentenced to imprisonment and the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition \*\*\*. \*\*\*

(b) If the petition is not dismissed pursuant to this Section, the court shall order the petition to be docketed for further consideration in accordance with Sections 122—4 through 122—6." 725 ILCS 5/122—2.1(a)(2), (b) (West 1998).

The 90-day provision of section 122—2.1(a) is mandatory rather than discretionary, and a trial court's failure to act within the 90-day period requires the court to docket the petition for further proceedings under sections 122—4 through 122—6 of the Act. See *People v. Dauer*, 293 Ill. App. 3d 329, 332 (1997).

In *People v. Saunders*, 261 Ill. App. 3d 700 (1994), the defendant filed a *pro se* postconviction petition on December 30, 1991. On December 7, 1992, the trial court improperly dismissed the petition as untimely. *Saunders*, 261 Ill. App. 3d at 705. We concluded that "[b]ecause the trial court never determined, within the time prescribed, whether to dismiss summarily the petition pursuant to

section 122—2.1(a)(2), it was without the power to do so at the [December 7, 1992,] hearing, and it may not do so on remand." *Saunders*, 261 Ill. App. 3d at 706. Therefore, the defendant was entitled to consideration of his petition under sections 122—4 through 122—6 of the Act. *Saunders*, 261 Ill. App. 3d at 706.

■ In this case, five days after defendant's postconviction petition was filed, the trial court dismissed the petition as untimely. However, the court did not consider the merits of the petition and made no finding as required by section 122—2.1(a)(2). When this matter returned to the trial court on remand, the trial court summarily dismissed defendant's petition as patently without merit. The Act allows summary action on a postconviction petition, but such action must be taken shortly after filing if it is to be done. *Dauer*, 293 Ill. App. 3d at 332. When the trial court dismissed defendant's petition a second time, it acted well past the 90-day deadline for summary dismissal and therefore acted without authority. *Dauer*, 293 Ill. App. 3d at 332; *Saunders*, 261 Ill. App. 3d at 706. Accordingly, we hold that the 90-day rule of section 122—2.1(a) is mandatory, and the filing of a notice of appeal does not toll or extend the provisions of that section. Consequently, defendant was entitled to have his petition considered under sections 122—4 through 122—6 of the Act, and we remand this cause for that purpose. See *Saunders*, 261 Ill. App. 3d at 706.

■ Defendant next argues that he is entitled to a substitution of judges on remand because Judge Bridges participated as an assistant State's Attorney in this matter. Defendant did not raise this issue below; however, as this matter will likely arise again on remand we will address it here. Generally, there is no absolute right to a substitution of a judge at a postconviction hearing. *People v. Madej*, 177 Ill. 2d 116, 163 (1997). However, when a judge's impartiality might reasonably be questioned a judge shall disqualify himself or herself, including proceedings in which "the judge served as a lawyer in the matter in controversy" (155 Ill. 2d R. 63(C)(1)(b)). The phrase "matter in controversy" in Rule 63(C)(1)(b) means the case currently pending before the court, and a judge is not automatically disqualified if he or she represented the State in an unrelated prosecution. *People v. Storms*, 155 Ill. 2d 498, 504 (1993).

■ It appears that Judge Bridges actively participated as an assistant State's Attorney in the original prosecution of defendant. On April 28, 1993, an assistant State's Attorney named George Bridges appeared at a single status hearing, informed the trial court that the State had not yet determined whether it would seek the death penalty, and sought a continuance. A postconviction proceeding is not a direct appeal or a continuation of a criminal case but is an independent, col-

lateral attack on a judgment of conviction. See *People v. Hawkins*, 181 Ill. 2d 41, 50 (1998). However, we find that a postconviction proceeding is sufficiently related to the original prosecution that it falls within the scope of Rule 63(C)(1)(b). Consequently, if Judge Bridges appeared for the State in this matter, Rule 63(C)(1)(b) disqualifies him from further participation as a judge in this matter.

We note that the record reveals no indication that Judge Bridges' decision was motivated by bias or based on facts outside the record. See *Storms*, 155 Ill. 2d at 505-06 (finding little potential for bias when the judge's earlier participation in unrelated prosecutions was "routine, brief, and uneventful"). Nevertheless, on remand, we direct Judge Bridges to determine whether he is the same George Bridges who appeared as an assistant State's Attorney in this matter. If Judge Bridges did appear for the State, he should recuse himself, and this matter should be reassigned.

For the foregoing reasons, the order of the Lake County circuit court order dismissing defendant's postconviction petition is reversed, and this matter is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

GALASSO, J., concurs.

JUSTICE RAPP, dissenting in part:

I dissent from the majority's holding regarding strict application of the 90-day limitation of section 122—2.1(a) of the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—2.1(a) (West 1998)) in the context of an appeal of the dismissal of a petition as untimely. The filing of a notice of appeal deprives a trial court of jurisdiction over substantive matters within the scope of the subject of the appeal. *In re A.P.*, 285 Ill. App. 3d 897, 901 (1997). When the trial court in our case dismissed defendant's *pro se* postconviction petition as being untimely and defendant timely appealed that decision, the trial court was without jurisdiction to make further rulings on the petition. If the trial court determined that defendant's petition was frivolous or patently without merit while this appeal was pending, defendant would certainly have another meritorious appeal based upon the trial court's lack of jurisdiction. Imposing a requirement upon a trial court to rule on the merits of a postconviction petition while an appeal is pending regarding the timeliness of the petition, as suggested by the majority, would result in unnecessary appeals.

If a defendant appeals the dismissal of a postconviction petition as

being untimely, the reality is that the 90-day limitations period will almost certainly expire before the appellate court rules on the issue. The briefing schedule alone will exhaust most of the period. Furthermore, the application of the 90-day limitation as the majority suggests would allow defendants to circumvent the process of evaluation of postconviction petitions set out in the Act. In my view, the legislature could not have intended such a result in enacting the 90-day limitation of section 122—2.1(a) of the Act.

Instead, I construe the appeal taken by defendant as tolling the 90-day limitations period. Upon docketing the mandate from the appellate court reversing the initial dismissal of the petition as untimely, the 90-day limitations period would begin to run anew. I find support for this interpretation in *People v. Douglas*, 296 Ill. App. 3d 192 (1998). In *Douglas*, the Appellate Court, Fourth District, recognized an extension of the 90-day limitations period when the defendant filed an amended postconviction petition. The court reasoned:

> "[U]nder defendant's proposed construction of section 122—2.1(a), a defendant could file an amended petition on day 88 of the 90-day period, thus giving the trial court only two days to examine and rule upon the amended petition. Clearly, the legislature could not have intended such an absurd result. We note that the legislature has instead shown its intent to give trial courts *more* time to examine and rule upon postconviction petitions when it amended section 122—2.1 of the Act (effective January 1, 1993) to increase the amount of time for such examination and ruling from 30 days to 90 days." (Emphasis in original.) *Douglas*, 296 Ill. App. 3d at 196.

Here, once defendant appealed the original dismissal of his postconviction petition as untimely, the trial court was divested of jurisdiction to decide whether the petition was frivolous or patently without merit. Any effort by the trial court to make a ruling on the petition while the appeal regarding timeliness was pending would have been improper.

This defendant has now had a direct appeal, an appeal of the trial court's dismissal of his postconviction petition as untimely, and now this appeal. The rigid application of the 90-day limitation period as suggested by the majority will potentially give the defendant yet another bite of the appellate apple. Judicial economy would have been better served had the trial court examined and ruled upon the petition under section 122—2.1(a) of the Act at the same time as it ruled on the timeliness of the petition. Nevertheless, I feel the better course for this court to take would be to review the trial court's section 122—2.1(a) finding since our standard of review of such findings is *de novo* anyway. See *People v. Coleman*, 183 Ill. 2d 366, 389 (1998). If our

review revealed error by the trial court I would remand the cause for further proceedings. If not, I would affirm the trial court's section 122—2.1(a) dismissal of defendant's petition.

I, therefore, respectfully dissent from that part of the opinion applying a strict 90-day limitation in the context of an appeal of the dismissal of a postconviction petition as untimely. However, because this cause is being remanded, I concur with the majority's holding that the trial judge should recuse himself if it is determined that he appeared as an assistant State's Attorney in this matter.