2015 IL App (2d) 140444
No. 2-14-0444
Opinion filed October 20, 2015

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) | No. 01-CF-143 |
| MARK J. ANDERSON, | ) ) | Honorable Blanche Hill Fawell, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SPENCE delivered the judgment of the court, with opinion.
Presiding Justice Schostok and Justice McLaren concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Mark J. Anderson, appeals from the trial court's summary dismissal of his petition under the Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 *et seq.* (West 2012)).  Defendant argues that the trial court failed to rule on the merits of his petition within 90 days after it was docketed, so the trial court's summary dismissal of the petition is void, and the case should be remanded for second-stage proceedings.  We agree with the State that we resolved this issue in a prior appeal, in which we ordered the trial court to consider the petition at first-stage proceedings.  Therefore, the law-of-the-case doctrine applies.  Even otherwise, defendant's argument fails on its merits, as his postconviction petition was not

docketed until our mandate from the prior appeal was filed in the circuit clerk's office. As such, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3     Following a jury trial, defendant was found guilty of two counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2000)) and one count of aggravated criminal sexual abuse (720 ILCS 5/12-16(c)(1)(i) (West 2000)) for acts he committed against his girlfriend's nine-year-old daughter, A.F.  Defendant was sentenced to 10 years' imprisonment for each of the predatory-criminal-sexual-assault convictions and 3 years' imprisonment for the aggravated-criminal-sexual-abuse conviction, with all terms to run consecutively, for a total of 23 years' imprisonment.

¶ 4     Defendant appealed, and on February 3, 2005, we dismissed the appeal for lack of jurisdiction, because defense counsel had filed a premature notice of appeal and failed to file a new notice of appeal.  On April 18, 2006, defendant then filed a postconviction petition asserting, *inter alia*, that defense counsel was ineffective for failing to file a timely notice of appeal.  The trial court denied the petition, and defendant appealed.  This court remanded the case for the trial court to determine the applicability of *People v. Ross*, 229 Ill. 2d 255 (2008).  The trial court thereafter ruled that *Ross* applied and that defense counsel was ineffective for failing to file a timely notice of appeal.  It therefore allowed defendant to file a late notice of appeal.

¶ 5     In his direct appeal, filed in 2010, defendant argued that:  the trial court abused its discretion in allowing A.F.'s hearsay statements to be presented at trial under section 115-10 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115-10 (West 2000)); his conviction on count I should be reversed for lack of a *corpus delicti*; and the sentences imposed on the sexual

assault offenses were excessive in light of his background. This court affirmed defendant's convictions and sentences. *People v. Anderson*, No. 2-10-0341 (2011) (unpublished order under Supreme Court Rule 23).

¶ 6 In May 2012, defendant filed a motion for forensic testing that was not available at trial. He alleged that the identity of the individual who committed the acts of sexual penetration was at issue at trial, because A.F. testified that it was a person named Robert, not defendant. The trial court denied defendant's motion on July 18, 2012, on the basis that identity was not at issue at trial. The trial court stated that the issue instead was whether the State proved defendant guilty beyond a reasonable doubt. We affirmed the trial court's ruling in an unpublished order. *People v. Anderson*, 2014 IL App (2d) 121062-U.

¶ 7 On December 11, 2012, defendant filed a *pro se* motion for leave to file a successive postconviction petition. He attached a postconviction petition alleging claims of actual innocence and ineffective assistance of appellate counsel. The trial court denied the motion on January 18, 2013, stating that defendant failed to show cause for his failure to bring the claims in his first postconviction petition and failed to show prejudice.

¶ 8 On appeal, defendant filed a motion for a summary remand, arguing that, because his 2006 postconviction petition ultimately resulted in him being allowed to file a belated direct appeal in 2010, his 2012 petition should be treated as his first petition for postconviction relief. Defendant further argued that, since the trial court failed to determine within 90 days of the 2012 petition's filing whether it was frivolous or patently without merit, the cause should be remanded for second-stage proceedings under the Postconviction Act. In the State's response, it agreed that the 2012 petition should be treated as defendant's first postconviction petition. However, it argued that, because defendant filed a motion for leave to file a successive postconviction

petition and the trial court denied such leave, the petition could not be considered filed and the 90-day period for a first-stage determination had not yet begun to run. The State argued that the petition should be considered docketed only upon remand and that the trial court should then proceed with a first-stage determination within 90 days.

¶ 9    This court granted, in part, defendant's motion for a summary remand. On October 22, 2013, in a minute order, we stated:

> "[T]his cause is remanded for the trial court to consider appellant's post-conviction petition, beginning with initial consideration of the petition—not to begin with consideration of the petition at the second stage of post-conviction petition review. THIS ORDER IS FINAL AND SHALL STAND AS THE MANDATE OF THIS COURT."

On January 10, 2014, the trial court summarily dismissed the postconviction petition as frivolous and patently without merit. This court allowed defendant to file a late notice of appeal.

¶ 10                                   II. ANALYSIS

¶ 11    Defendant appeals from the trial court's summary dismissal of his 2012 postconviction petition. The Postconviction Act provides a means for people under criminal sentences to assert that their convictions resulted from substantial denials of their constitutional rights. *People v. Smith*, 2015 IL 116572, ¶ 9. The Postconviction Act creates a three-stage process for the adjudication of a postconviction petition. *Id*. At the first stage, the trial court independently determines, without input from the State and "[w]ithin 90 days after the filing and docketing of" the petition, whether the petition is "frivolous or is patently without merit." 725 ILCS 5/122-2.1 (West 2012). If so, the trial court shall dismiss the petition, and, if not, the trial court is to docket it for second-stage proceedings. *Id.* "The 90-day time requirement is mandatory and a trial court's noncompliance with the time requirement renders a summary dismissal order void"

(*People v. Swamynathan*, 236 Ill. 2d 103, 113 (2010)), in which case the petition must then proceed to the second stage (*People v. Longbrake*, 2013 IL App (4th) 120665, ¶ 15). During the second stage, the trial court may appoint counsel to represent an indigent defendant, and counsel may file an amended petition. *People v. Hommerson*, 2014 IL 115638, ¶ 8. If the trial court does not dismiss the petition during the second stage, it will conduct an evidentiary hearing on the petition's merits during the third stage. 725 ILCS 5/122-6 (West 2012). We review *de novo* the first-stage dismissal of a postconviction petition. *Swamynathan*, 236 Ill. 2d at 113.

¶ 12    On appeal, defendant argues that, because the trial court failed to rule on the merits of his postconviction petition within 90 days after it was docketed, the trial court's summary dismissal of the petition is void and the case should be remanded for second-stage proceedings.

¶ 13    Defendant argues that a petition is "docket[ed]," within the meaning of section 122-2.1(a) (725 ILCS 5/122-2.1(a) (West 2012)) when it is "entered on the court's official docket for further proceedings." *People v. Brooks*, 221 Ill. 2d 381, 391 (2006). Defendant notes that the filing of a notice of appeal does not toll or extend the 90-day period. *People v. Vasquez*, 307 Ill. App. 3d 670, 673 (1999). Defendant argues that his petition was docketed on December 11, 2012, but that the trial court did not dismiss it as frivolous and patently without merit until January 10, 2014, well beyond the 90-day period. Defendant argues that at that point the trial court no longer had the authority to summarily dismiss the petition and was required to docket it for second-stage proceedings.

¶ 14    Defendant maintains that *People v. Little*, 2012 IL App (5th) 100547, and *Vasquez* are dispositive of the issues raised in this case. In *Little*, the defendant filed a second *pro se* postconviction petition that the trial court construed as a request for leave to file a successive postconviction petition, which it denied. *Id.* ¶ 10. The appellate court held that the defendant's

first postconviction petition had been filed to effectuate his right to a direct appeal, which was lost through counsel's ineffectiveness; thus the first petition should not have been treated as a postconviction petition, because it was not a true collateral attack on his conviction and sentence. *Id.* ¶ 21. Correspondingly, his second petition was not a successive postconviction petition. *Id.* ¶¶ 19, 21. The court stated that the 90-day requirement for determining whether a petition is frivolous or patently without merit "applies even if by honest mistake the trial court disposed of a postconviction petition on the erroneous belief that the petition was a successive petition brought without leave of court." *Id.* ¶ 23. The court therefore held that the petition had to be docketed for second-stage proceedings on remand. *Id.* ¶ 24.

¶ 15    In reaching its conclusion regarding the necessity of second-stage proceedings, *Little* relied on *People v. Carter*, 383 Ill. App. 3d 795 (2008), and *People v. Inman*, 407 Ill. App. 3d 1156 (2011). See *Little*, 2012 IL App (5th) 100547, ¶ 24. In *Carter*, the defendant filed a postconviction petition that he did not designate as successive, nor did he seek leave of the trial court to file it. *Carter*, 383 Ill. App. 3d at 796. The trial court dismissed it, improperly determining it to be a successive petition. *Id.* at 797-98. The appellate court reversed and remanded for second stage proceedings, because more than 90 days had passed from the petition's filing. *Id.* at 798. In *Inman*, the defendant filed a postconviction petition after he was resentenced, and the trial court dismissed it, finding that it was a successive petition filed without leave of the court. *Inman*, 407 Ill. App. 3d at 1160. The appellate court held that the petition should have been considered an initial postconviction petition and that, because more than 90 days had passed since its filing, without a determination of whether it was frivolous or patently without merit, it had to be docketed for second-stage proceedings on remand. *Id.* at 1162-63.

¶ 16    In *Vasquez*, the trial court summarily dismissed the defendant's first postconviction petition as untimely, a ruling that this court reversed. *Vasquez*, 307 Ill. App. 3d at 671-72. On remand, the trial court summarily dismissed the petition as frivolous and patently without merit. *Id.* at 672. On appeal, we stated that the 90-day rule is mandatory and that the filing of a notice of appeal does not toll or extend that deadline. *Id.* at 673. We held that, when the trial court dismissed the petition a second time, the dismissal was well past the 90-day deadline and therefore without authority. *Id.* Therefore, we remanded the cause for second-stage proceedings. *Id.*

¶ 17    Defendant argues that, because his petition was docketed on December 11, 2012, the trial court had only 90 days, until March 10, 2013, to summarily dismiss the petition. Defendant argues that, because the trial court did not do so, upon remand it should have advanced the petition to second-stage proceedings.

¶ 18    The State argues that, because our October 22, 2013, order explicitly stated that upon remand the petition should be treated as an initial postconviction petition, *res judicata* bars further consideration of defendant's argument.

¶ 19    The State contends that, even otherwise, *Little*, *Inman*, and *Carter* are distinguishable because, in each of them, the defendant filed a *pro se* petition without a motion for leave to file a successive petition. See *Little*, 2012 IL App (5th) 100547, ¶ 9; *Inman*, 407 Ill. App. 3d at 1157; *Carter*, 383 Ill. App. 3d at 797-98. The State argues that each trial court then proceeded to characterize the petition as successive, which was found to be in error. The State maintains that here, in contrast, the trial court ruled on a motion for leave to file a successive petition. The State argues that, although defendant might not have been required to seek such leave due to the procedural status of his case, he nonetheless did so, and the trial court ruled on that request. The

State argues that nothing in the record suggests that the trial court considered the petition, but rather, to the contrary, the trial court's ruling refers only to the defendant's motion for leave and the letters that were attached. The State maintains that the motion was denied, with no action being taken on the petition.

¶ 20    The State further argues that defendant's reliance on *Vasquez* is not persuasive, because it is based on the inaccurate premise that defendant's petition was docketed on December 11, 2012. The State argues that defendant's petition was not actually filed and docketed for purposes of the Postconviction Act until this court's order of October 22, 2013. The State points out that in *Little*, the court stated that " 'until such time as leave is granted, a successive petition, though received or accepted by the circuit clerk, will not be considered "filed" for purposes of further proceedings under the Act.' " *Little*, 2012 IL App (5th) 100547, ¶ 14 (quoting *People v. Tidwell*, 236 Ill. 2d 150, 158 (2010)). The State argues that, because the trial court denied defendant's motion for leave to file a successive petition, the petition could not be considered filed and the 90-day period for a first-stage determination did not begin.

¶ 21    Defendant responds that *res judicata* is inapplicable because our October 2013 order addressed whether the trial court's January 2013 order denying him leave to file a successive petition was erroneous. Defendant argues that now, on the other hand, the issue is whether the trial court's January 2014 summary dismissal was unauthorized because it was entered more than 90 days after the petition was docketed. Defendant argues that, therefore, the issues in the two appeals involve the merits of two different trial court rulings made on different dates and raise distinct legal questions relating to postconviction procedures.

¶ 22    Defendant additionally notes that he is not attacking the propriety of our October 2013 order and that he does not dispute that the trial court was required to comply with our mandate to

begin with a first-stage examination upon remand. He argues, however, that the understanding was that the trial court was to conduct the first-stage examination in light of the applicable law governing first-stage petitions. Defendant argues that in applying such law the trial court should have determined that, because more than 90 days had passed since the petition was docketed, the court lacked authority to summarily dismiss the petition.

¶ 23 Defendant contends that the State cites no authority for its position that for purposes of the Postconviction Act his petition was not filed and docketed until our October 2013 order. He maintains that, in contrast, there is an abundance of case law stating that an appeal does not extend or toll the 90-day ruling requirement. Defendant argues that the State cannot rely on our order itself for such authority, for such a conclusion would require an improper and overly broad reading of our one-page "summary order." Defendant argues that Illinois Supreme Court Rule 23(c) (eff. July 1, 2011) allows a decision to be made in a summary order only in limited circumstances, which do not include a departure from existing case law.

¶ 24 Defendant also challenges the State's argument that this situation is distinguishable from *Little*, *Inman*, and *Vasquez* because the pleadings in those cases were not labeled as successive petitions. According to defendant, the sole reason for our remand was that the trial court mistakenly treated his petition as a successive petition when it should have treated it as an initial petition, at the first stage.

¶ 25 We first turn to whether our October 2013 order bars defendant from arguing that his postconviction petition should have advanced to second-stage proceedings, based on the trial court's failure to rule on it within 90 days of December 11, 2012 (when defendant filed his motion for leave to file a successive postconviction petition). Specifically, we first examine whether *res judicata* bars defendant's argument. *Res judicata* provides that a final judgment on

the merits by a court of competent jurisdiction bars a subsequent action between the same parties involving the same cause of action. *Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 44. For *res judicata* to apply, there must be: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of cause of action; and (3) identity of parties or their privies. *Id.*

¶ 26 A judgment is final for *res judicata* purposes if it determines the litigation on the merits such that if affirmed, the only thing remaining is the execution of the judgment. *Relph v. Board of Education of DePue Unit School District No. 103*, 84 Ill. 2d 436, 441 (1981). If a judgment is still subject to the appeal process, it cannot be given *res judicata* effect. *In re Marriage of Lehr*, 317 Ill. App. 3d 853, 860 (2000). Therefore, where the appellate court remands the case to the trial court with directions that judgments be entered, the judgments would still be appealable and they could not be given *res judicata* effect. *Relph*, 84 Ill. 2d at 441-42. Here, it is clear that our October 2013 order did not constitute a final judgment for purposes of *res judicata*, as it did not terminate the litigation on the merits but rather remanded the case for postconviction proceedings, with the trial court's rulings still subject to appellate review. See *id.* at 441.

¶ 27 That being said, we conclude that a doctrine related to *res judicata*, that being the law-of-the-case doctrine, does apply. Under this doctrine, rulings made on points of law by a reviewing court are binding in the trial court upon remand and on subsequent appeals to the same reviewing court unless a higher court has changed the law. *In re Marriage of Colangelo*, 355 Ill. App. 3d 383, 389 (2005). As our supreme court has stated:

"  'Where the Appellate Court or this court, on the first appeal to it, announces a particular view of the law governing the case and reverses and remands the case for further proceedings in accordance with the views announced, if the case is again brought before

such court for review *the former decision is binding on the court making it, and the questions decided and determined by it on the first appeal are not open for reconsideration on the second appeal.*' " (Emphasis added.) *Relph*, 84 Ill. 2d at 443 (quoting *Zerulla v. Supreme Lodge Order of Mutual Protection*, 223 Ill. 518, 520 (1906)). The law-of-the-case doctrine, like the other preclusion doctrines of *res judicata* and collateral estoppel, prevents a defendant from " 'taking two bites out of the same appellate apple.' " *People v. Tenner*, 206 Ill. 2d 381, 395 (2002) (quoting *People v. Partee*, 125 Ill. 2d 24, 37 (1988)). There are two exceptions to the law-of-the-case doctrine: (1) if a higher reviewing court makes a contrary ruling on the same issue after the lower court's decision, and (2) if a reviewing court determines that its prior decision was palpably erroneous. *Radwill v. Manor Care of Westmont, IL, LLC*, 2013 IL App (2d) 120957, ¶ 10.

¶ 28    Here, as the State points out, in the prior appeal, defendant filed a motion for a summary remand, arguing that the trial court should have treated his December 2012 postconviction petition as an initial postconviction petition. He further argued that under *Little* the cause should be remanded for second-stage proceedings, because the trial court failed to determine whether the petition was frivolous or patently without merit within 90 days of its filing. In the State's response to the motion, it agreed that the petition should be treated as defendant's first postconviction petition. However, it "strongly disagree[d]" that the petition should proceed to the second stage on remand, taking the position that the 90-day clock had not begun to run. It argued, as it again does in this appeal, that *Little*, *Inman*, and *Carter* were distinguishable because each of those defendants filed a postconviction petition without a motion for leave to file a successive petition. It argued that the trial court here did not mischaracterize defendant's

petition and dismiss it, but rather it denied defendant's motion for leave to file the petition, which thus could not be considered to have been filed at that time.

¶ 29 We granted, in part, defendant's motion for a summary remand, and we explicitly stated that the trial court was "to consider appellant's post-conviction petition, beginning with initial consideration of the petition—not to begin with consideration of the petition at the second stage of post-conviction petition review." In this manner, we ruled on the merits of the question of whether the proceedings were to begin at the first stage or the second stage, which was a question that the parties had put before us through the motion and the response. Therefore, as the issue defendant raises now was decided in the prior appeal, our previous decision is binding upon us. See *Relph*, 84 Ill. 2d at 443-44.

¶ 30 Regarding exceptions to the law-of-the-case doctrine, the first exception would apply only if there were a recent supreme court decision addressing this issue. But the parties have not cited, nor has our researched revealed, such a case. The second exception would apply only if our prior decision was clearly erroneous and would work a manifest injustice, and not simply if a court might reach a different conclusion upon considering the issue anew; this exception applies "only in the very rarest of situations." *Radwill*, 2013 IL App (2d) 120957, ¶ 12. Here, the State is correct that this case is procedurally distinguishable from those relied on by defendant, because he filed a motion for leave to file a successive postconviction petition whereas the other defendants did not. Therefore, it is at least arguable that those precedents do not apply in this situation, and, in fact, we subsequently determine that they do not. See *infra* ¶¶ 34-35. Accordingly, we cannot label our prior ruling palpably erroneous. See *Radwill*, 2013 IL App (2d) 120957, ¶ 13.

¶ 31    Finally, we find defendant's reliance on Rule 23 unpersuasive, as we resolved defendant's motion in a minute order and the law-of the-case doctrine has been applied to rulings on motions. See *People v. Klepper*, 234 Ill. 2d 337, 346 (2009) (court's ruling rejecting the defendant's motion challenging the court's jurisdiction was the law of the case). Although defendant now argues that it would have been inappropriate to resolve this issue in a summary order, and this logic would apply at least equally to a minute order, any such error would qualify as invited error, as defendant sought to have this issue resolved through a ruling on his motion rather than through full briefing and a resulting order. See *Gaffney v. Board of Trustees of the Orland Fire Protection District*, 2012 IL 110012, ¶ 33 (the rationale for the rule of invited error is that it would be manifestly unfair to grant a party relief based on an error that he or she introduced into the proceedings).

¶ 32    In sum, in this appeal, defendant takes the position that his postconviction petition should have been considered docketed in December 2012, when he filed his motion for leave to file a successive postconviction petition. If this docketing date were accepted, the petition should have advanced to the second stage of postconviction proceedings, because the trial court did not determine within 90 days of that time whether the petition was frivolous or patently without merit. Defendant made this same argument in his motion for a summary remand in the prior appeal, and the State disagreed and argued that first-stage review was appropriate. By stating in our ruling on the motion that the petition was to begin with a first-stage review, we accepted the State's argument and rejected defendant's argument on this issue. See *Reich v. Gendreau*, 308 Ill. App. 3d 825, 829 (1999) (the law-of-the-case doctrine encompasses both a court's explicit decision and issues decided by necessary implication). Therefore, our ruling is

binding upon us under the law-of-the-case doctrine, and no exceptions apply, so we may not reconsider the issue.

¶ 33     Where an appellate court reverses and remands a cause with a specific mandate, the only proper issue in a subsequent appeal is whether the trial court followed the mandate.  *Norris v. National Union Fire Insurance Co. of Pittsburgh*, 368 Ill. App. 3d 576, 581 (2006).  Here, the trial court complied with our mandate by applying first-stage review.  To say that in applying first-stage review the trial court should have immediately determined that the petition should advance to the second stage is a disingenuous interpretation of our order, which rejected defendant's argument that the proceedings should begin at the second stage.

¶ 34     Even if the law-of-the-case doctrine did not apply, defendant's argument fails on its merits.  Our supreme court has stated that, for purposes of the 90-day deadline for ruling on a postconviction petition, "a successive postconviction petition will not be considered 'filed,' as that term is used in the statute, until leave is granted; notwithstanding the circuit clerk's reception and acceptance of the petition."  *Tidwell*, 236 Ill. 2d at 159.  Therefore, defendant's petition was not "filed" when he initially submitted the motion for leave to file a successive petition and the petition itself.

¶ 35     In all of the cases described above (see *supra* ¶¶ 14-16), the defendants did not submit what they themselves labeled as successive postconviction petitions, nor did they file motions for leave to file successive postconviction petitions.  *Vasquez* in particular is simply a situation where the defendant filed an initial postconviction petition and the trial court failed to rule on the merits within 90 days, as an intervening appeal did not extend the deadline.  *Vasquez*, 307 Ill. App. 3d at 671.  In the remaining cases, the trial courts wrongly chose to address the postconviction petitions as successive postconviction petitions.  Here, in contrast, the trial court

ruled on defendant's motion for leave to file a successive petition, as per *defendant's own request*. Based on its denial of the motion, the trial court did not take any action on the petition itself. We agree with the State that, even though defendant was not required to seek leave to file a postconviction petition at the time, the fact that he did so and was denied leave means that his postconviction petition was not officially docketed then. Indeed, a contrary result would encourage future defendants to improperly seek leave to file mislabeled initial postconviction petitions as a means to evade first-stage review, for if the trial courts denied leave on such motions, applying defendant's logic would automatically require these cases to be remanded for second-stage proceedings.

¶ 36　　In the prior appeal, we held that the request for leave was not necessary and we summarily remanded the case. Once our mandate was filed with the circuit clerk, defendant's postconviction petition was effectively filed, and the 90-day period began to run at that time. The trial court timely dismissed the petition within that time frame.

¶ 37　　This analysis completes our resolution of the appeal, as defendant does not challenge the substance of the trial court's ruling on remand that his petition was frivolous and patently without merit.

¶ 38　　　　　　　　　　　　　III. CONCLUSION

¶ 39　　For the reasons stated, we affirm the judgment of the Du Page County circuit court.

¶ 40　　Affirmed.