No. 3--03--0357 _________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2004

IN RE DETENTION OF ) Appeal fro the Circuit Court 

RICHARD HAUGE,  ) of the 13
th
 Judicial Circuit 

  )  LaSalle Couty , Illinois,

THE PEOPLE OF THE STATE         )  

OF ILLINOIS,                    )  

       )  

Petitioner-Appellee,       )  No. 01--MR--66

       )

v.                         )  

  ) 

RICHARD HAUGE,       ) Honorable

                 )  William P. Balestri,

 Respondent-Appellant.      )  Judge, Presiding.

________________________________________________________________

PRESIDING JUSTICE HOLDRIDGE delivered the Opinion of the court:

________________________________________________________________

Pursuant to the Illinois Sexually Violent Persons Act (725 ILCS 207/1 
et
 
seq.
 (West 2000)), the State filed a petition alleging that the respondent, Richard Hauge, was a sexually violent person.  Respondent filed a pretrial motion to preclude any evidence at hearing based upon certain actuarial instruments purporting to predict the likelihood of a sexual offender re-offending.  A hearing was held under 
Frye v. United States
, 293 F.1013 (D.C. Cir. 1923).

Following the hearing, the court denied the motion to exclude evidence, finding that the instruments in question were generally accepted in the relevant scientific community and were, therefore, admissible into evidence under the 
Frye
 test.  Subsequently, the respondent filed a motion to reconsider, seeking the court’s review in light of the recent holding by the Second District in 
People v. Taylor
, 335 Ill. App. 3d 965 (2002), which held that the actuarial instruments in question did not meet the requisite standards for admissibility under 
Frye
. 

As part of the record before the trial court in the instant matter, the transcripts of the 
Frye
 hearing in 
Taylor
 were presented to the court herein below.  The circuit court denied the motion to reconsider, but then certified the question of admissibility of the evidence for interlocutory consideration pursuant to Supreme Court Rule 308 ( 
   
 Ill. 2d R. 308).  

The court certified the following question for our review:  Should the following risk assessment tools: the Minnesota Sex Offenders Screening Tool Revised (MnSOST-R); the Rapid Risk Assessment for Sex Offender Recidivism (RRASOR); the Static-99; the Violent Risk 
Appraisal
 Guide (VRAG); the Sex Offender Risk Appraisal Guide (SORAG); the Violent Risk 
Assessment
 Guide (VRAG); and the personality test, Hare Psychopathy Check List (HPCLR), be admissible as meeting the appropriate standard for scientific testimony in Illinois.

In fact, the certified question contains two separate questions: (1) are the identified risk assessment tools admissible? And (2) do those test "meet the appropriate standard for scientific testimony?  For the following reasons, we answer the first question "yes."  We answer the second question "no," but only because we hold that such instruments do not constitute a special scientific principal, method or test to which the 
Frye
 test applies.  See, 
People v. Erbe
, 344 Ill. App. 3d 350 (2003). 

On appeal, the respondent contends that the actuarial instruments at issue are not generally accepted in the scientific community and do not meet the requirements for general acceptance under 
Frye
.  

In determining whether an expert is qualified to render an opinion based upon novel scientific evidence, Illinois courts follow the 
Frye
 test.  Also known as the "general acceptance test," the 
Frye
 test provides that scientific evidence is admissible at trial only if the methodology or scientific principle upon which the test results are based is "sufficiently established to have gained general acceptance in the particular field in which it belongs."  
Donaldson v. Central Illinois Public Service Co.
, 199 Ill. 2d 63, 77, 767 N.E.2d 314, 324 (2002).  The proponent of the evidence bears the burden of demonstrating that the scientific theory relied upon by the expert has gained general acceptance in the scientific field.  
Donaldson
, 199 Ill. 2d at 77, 767 N.E.2d at 324.  A reviewing court will review the trial court’s admission of expert testimony on an abuse of discretion standard.  
People v. Eyler
, 
133 Ill. 2d 173, 549 N.E.2d 268 (1989).  

We note that this issue has been addressed by different panels of the Illinois Appellate Court, with differing results.  As previously mentioned, the Second District recently reviewed the issue in 
People v. Taylor
, 355 Ill. App. 3d 965, 977 (2002).      
In 
Taylor
, the jury found the respondent to be a sexually violent person pursuant to the Act (725 ILCS 207/1 
et
 
seq.
 (West 2000)) after the trial court denied the respondent’s motion 
in
 
limine
 seeking to bar expert testimony regarding the results of actuarial instruments used by the expert to predict the likelihood that the respondent would re-offend.  On appeal, the court held that psychological or psychiatric testimony of an expert predicated upon actuarial instruments is subject to the requirements of 
Frye
.  

A panel of this district in 
People v. Hargett
, 338 Ill. App. 3d 669 (2003), agreed with the general proposition in 
Taylor
 that actuarial instruments, such as those at issue in the instant matter, are subject to the 
Frye
 test for general acceptance.  

In contrast, the Fourth District, in People v. Erbe, held that actuarial instruments, such as those at issue herein, are not scientific evidence subject to 
Frye
, that the actuarial instruments are not novel, and that the use of these instruments is generally accepted in the relevant field.  
Erbe
, 344 Ill. App. 3d at 370.  As noted by the 
Erbe
 court, these actuarial instruments merely augment the expert opinion. "The actuarial instruments merely help the professional draw inferences from historical data or the collective experience of other professionals who have assessed sex offenders for risk of re-offending."  
Erbe
, 344 Ill. App. 3d at 371.  As such, the 
Erbe
 court further noted, "[i]n this regard, the instruments are akin to actuarial tables for life expectancy admitted as evidence to a jury for the determination of the gross amount awarded for future pain and suffering or used by an economic expert to determine the cash value of a pension. Such instruments simply do not constitute a special scientific principal, method, or test to which 
Frye
 applies."  
Erbe
, 344 Ill. App. 3d at 365.    

After reviewing the competing analysis of 
Taylor
 and 
Erbe
, we find the analysis utilized by the 
Erbe
 court to be more convincing.  We also note that other jurisdictions have similarly held that an expert’s use of these actuarial instruments in reaching an opinion as to likelihood of re-offending does not     implicate 
Frye
.  See, 
Barefoot v. Estelle
, 463 U.S. 880 (1983); 
People v. Ward
, 71 Cal. App. 4th 368, 373, 83 Cal. Reptr. 2d 828 (1999); 
Westerheide v. State
, 767 So. 2d 637,  657 (Fla. 2000);  
State v. Romley
, 201 Ariz. 321, 35 P.2d 82, 89 (Az. App. 2001); 
In re Linehan
, 557 N.W.2d 171, 189 (Minn. 1996); 
In re Detention of Holtz
, 653 N.W.2d 613, 619 (Iowa App. 2002); 
In re Commitment of R.S.
, 339 N.J. Super. 507, 773 A.2d 72, 96 (N.J. App. 2001).  .       We are convinced, after reviewing these cases, that it is the opinion of the expert, not his or her methodology that is being offered as evidence to the jury.  Thus, the methodology is useful to the trier of fact, and is likewise subject to attack, 
but
 only as support for the expert’s opinion.  In the final analysis, cross-examination and rebuttal witnesses are the proper method to attack the expert’s reliance upon the instruments in question in the formation of his or her opinion.  
Erbe
, 344 Ill. App. 3d at 372.        

For the foregoing reasons, we answer the certified question as previously described.  The actuarial instruments at issue are admissible, but are not subject to the requirements of 
Frye
.    

Certified question answered; cause remanded.

SCHMIDT and BARRY, JJ., concur.