NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 230692-U

NO. 4-23-0692

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 14, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| DARION HARRIS, | ) | No. 15CF1081 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John M. Madonia, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Steigmann and Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court granted the Office of the State Appellate Defender's motion to withdraw as appellate counsel and affirmed the trial court's judgment.

¶ 2    Defendant, Darion Harris, appeals the trial court's judgment summarily dismissing his petition for postconviction relief. The Office of the State Appellate Defender (OSAD) was appointed to represent defendant on appeal but now moves to withdraw as counsel on the basis it can raise no colorable argument the court erred in summarily dismissing defendant's postconviction petition. We grant OSAD' motion and affirm the court's judgment.

¶ 3                    I. BACKGROUND

¶ 4    In November 2015, a grand jury indicted defendant on four counts of first degree murder (counts I through IV) (720 ILCS 5/9-1(a)(1)-(3) (West 2014)), home invasion (count V)

(*id.* § 19-6(a)(5)), and unlawful use of a weapon by a felon (count VI) (*id.* § 24-1.1(a)). Counts I through IV each alleged that defendant, or one for whom he was legally accountable, caused the death of William Dougherty. Count I alleged that "defendant, or one for whom he is legally accountable, without lawful justification and with the intent to kill William Dougherty, shot William Dougherty with a firearm, thereby causing the death of William Dougherty."

¶ 5        At a pretrial hearing conducted on July 18, 2016, the State informed the trial court that defendant had unrelated charges pending against him in Sangamon County case No. 15-CF-1108. Upon the motion of the State, the court reassigned case No. 15-CF-1108 to itself for purposes of judicial economy.

¶ 6        On May 22, 2019, the trial court conducted a combined guilty plea and sentencing hearing. Defendant ultimately pleaded guilty to count I in exchange for the State's agreement to recommend a 25-year sentence of imprisonment and to dismiss the remaining charges in the instant case, along with the charges in case No. 15-CF-1108. The State presented the following factual basis in support of the plea:

> "MR. SHAW [(ASSISTANT STATE'S ATTORNEY)]: In regards to the State's evidence, the State would call members of the Springfield Police Department, including and not limited to Detective Michael Brown. Detective Brown would testify that he was asked to further the investigation in regards to the victim in this case, being William Dougherty, who was found on the porch of 1155 North Fourth Street, Springfield, Illinois on the date of October 14th of 2015. That Mr. Dougherty was found dead on arrival after a certain amount of time. Statement was made by Mr. Dougherty in regards to an occurrence. We would call witnesses who would state that evening prior there had been a party,

that there was a cell phone that had gone missing. Mr. Dougherty had gone over to an area to try to re-collect it. [Defendant] and [Warren] Price felt disrespected as to how that occurred, went back over to the house in the early morning hours, at which point in time there was an altercation; and by the use of a deadly weapon, ultimately [defendant] and Mr. Price caused the death of William Dougherty."

The court accepted defendant's guilty plea and sentenced him to 25 years' imprisonment. The State's official statement pursuant to section 5-4-1(d) of the Unified Code of Corrections (730 ILCS 5/5-4-1(d) (West 2018)) indicated that Warren Price was the codefendant in the instant case.

¶ 7        On April 20, 2023, defendant filed the subject petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)). Defendant stated he was "bringing this Post-Conviction [petition] under the actual innocence claim, trial attorney did not disclose the information that was needed." In support of his actual-innocence claim, defendant attached to his petition a police report by Officer George Neale. Officer Neale indicated in the report that the victim informed him shortly before his death that "two guys came into his house armed with guns. He said the one who shot him [wa]s 'Warren.' " Defendant asserted Officer Neale's report demonstrated he did not personally discharge the firearm that caused the victim's death and therefore established his innocence. Defendant also raised a claim that plea counsel was ineffective. Specifically, he alleged the following:

"Had counselor investigated the case and reviewed the police reports that were available prior to convincing defendant that there is no way to fight

- 3 -

the case in his favor, and that if he were to go to trial he would get a life sentence, Petitioner could have received a lighter sentence for a lesser offense other than murder."

¶ 8    On July 17, 2023, the trial court entered a docket entry dismissing defendant's postconviction petition as frivolous or patently without merit.

¶ 9    Defendant filed a timely notice of appeal, and OSAD was appointed to represent him on appeal. OSAD now moves to withdraw as appellate counsel on the basis it can raise no colorable argument the trial court erred in summarily dismissing defendant's postconviction petition. This court granted defendant leave to file a response to OSAD's motion, but he failed to do so.

¶ 10                                      II. ANALYSIS

¶ 11    On appeal, OSAD contends no colorable argument can be made that the trial court erred in summarily dismissing defendant's postconviction petition. "We review *de novo* the dismissal of a postconviction petition at the first stage." *People v. Lentz*, 2014 IL App (2d) 130332, ¶ 7.

¶ 12    "The [Act] provides a procedural mechanism through which criminal defendants can assert that their federal or state constitutional rights were substantially violated in their original trials or sentencing hearings." *People v. Buffer*, 2019 IL 122327, ¶ 12. At the first stage of proceedings, "the trial court independently determines, without input from the State and [w]ithin 90 days after the filing and docketing of the petition, whether the petition is frivolous or is patently without merit." (Internal quotation marks omitted.) *People v. Anderson*, 2015 IL App (2d) 140444, ¶ 11; see *People v. Swamynathan*, 236 Ill. 2d 103, 113 (2010) ("The 90-day requirement is mandatory and a trial court's noncompliance with the time requirement renders a

- 4 -

summary dismissal order void."). A postconviction petition "may be summarily dismissed as 'frivolous or *** patently without merit' pursuant to section 122-2.1(a)(2) only if the petition has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 16 (2009). A petition lacks an arguable legal basis if it is based on "an indisputably meritless legal theory," such as a legal theory "which is completely contradicted by the record." *Id.*

¶ 13      First, we agree with OSAD that no argument can be made the trial court failed to comply with the first-stage procedural requirements of the Act. As noted above, at the first stage of the proceedings, "the trial court independently determines, without input from the State and [w]ithin 90 days after the filing and docketing of the petition, whether the petition is frivolous or is patently without merit." (Internal quotation marks omitted.) *Anderson*, 2015 IL App (2d) 140444, ¶ 11. Here, defendant filed his petition on April 20, 2023, and the court entered its summary dismissal order less than 90 days later, on July 17, 2023. Moreover, nothing in the record indicates that the court received any input from the State in dismissing the petition. Thus, no argument can be made that the court failed to comply with the relevant procedural requirements of the Act in summarily dismissing defendant's petition.

¶ 14      Next, we agree with OSAD that no argument can be made defendant presented the gist of a claim of actual innocence. "The elements of a claim of actual innocence are that the evidence in support of the claim must be 'newly discovered'; material and not merely cumulative; and of such conclusive character that it would probably change the result on retrial." *People v. Edwards*, 2012 IL 111711, ¶ 32. Our supreme court elaborated on the elements of an actual-innocence claim in *People v. Coleman*, 2013 IL 113307, ¶ 96:

> "New means the evidence was discovered after trial and could not have been discovered earlier through the exercise of due diligence. [Citation.]

Material means the evidence is relevant and probative of petitioner's

innocence. [Citation.] Noncumulative means the evidence adds to what the

jury heard. [Citation.] And conclusive means the evidence, when

considered along with the trial evidence, would probably lead to a

different result."

¶ 15        Here, defendant attached Officer Neale's police report to his postconviction petition in support of his actual-innocence claim. In the report, Officer Neale indicated the victim informed him that "the one who shot him [was] 'Warren.' " According to defendant, this shows that he did not personally discharge the firearm that caused the victim's death, and he therefore could not have been convicted of first degree murder. Defendant's claim lacks arguable merit for several reasons. First, the evidence cannot be considered newly discovered because defendant conceded in his petition that Officer Neale's report was "available prior to [counsel] convincing [him] that there is no way to fight the case in his favor." Moreover, the evidence was neither relevant nor conclusive of defendant's innocence. Defendant was charged with and convicted of first degree murder based on an accountability theory. The State did not allege that defendant personally discharged the firearm that caused the victim's death, and "personal discharge of a firearm is not an element of first degree murder even when the victim dies from a gunshot." *People v. Alexander*, 2017 IL App (1st) 142170, ¶ 43. Whether defendant personally discharged the firearm that caused the victim's death was simply irrelevant to the question of defendant's innocence in this case. Accordingly, we agree with OSAD that defendant's actual-innocence claim lacks arguable merit.

¶ 16        Lastly, we agree with OSAD that no argument can be made defendant presented the gist of a claim of ineffective assistance of plea counsel. "At the first stage of postconviction

proceedings under the Act, a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17; see *Strickland v. Washington*, 466 U.S. 668 (1984) (articulating the two-prong standard for claims of ineffective assistance of counsel). Challenges to guilty pleas alleging ineffective assistance of counsel are likewise subject to the *Strickland* standard. *Hill v. Lockhart*, 474 Ill. 52, 57 (1985). "Counsel's conduct is deficient under *Strickland* if the attorney failed to ensure that the defendant entered the plea voluntarily and intelligently." *People v. Rissley*, 206 Ill. 2d 403, 457 (2003). To establish prejudice, "the defendant must show there is a reasonable probability that, absent counsel's errors, the defendant would have pleaded not guilty and insisted on going to trial." *People v. Hall*, 217 Ill. 2d 324, 335 (2005). "A bare allegation that the defendant would have pleaded not guilty *** is not enough to establish prejudice. [Citation.] Rather, the defendant's claim must be accompanied by either a claim of innocence or the articulation of a plausible defense that could have been raised at trial." *Id.* at 335-36.

¶ 17 Here, defendant's ineffective-assistance argument is premised on his claim of actual innocence, and he suggested no plausible defense that could have been raised at trial. However, because we have already determined that defendant's actual-innocence claim is patently without merit, his ineffective-assistance claim necessarily lacks arguable merit as well. See *id.* (stating that a claim of ineffective-assistance of plea counsel "must be accompanied by either a claim of innocence or the articulation of a plausible defense that could have been raised at trial"). Accordingly, we agree with OSAD that no argument can be made defendant presented the gist of a claim of ineffective assistance of counsel.

¶ 18 III. CONCLUSION

¶ 19          For the reasons stated, we grant OSAD's motion to withdraw as counsel and affirm the trial court's judgment.

¶ 20          Affirmed.